### LEWIS MYERS'S ADM'R *v.* JOHN MORDIS.

**Failure of Title—Recovery from Grantor—Contract.**

Where one sells real estate to a grantee who knows of an adverse claim of title, and the adverse claimant sues for the land, making the grantee a party defendant, and such defendant does not desire to defend his title, but is induced to do so by his grantor, who agrees to remunerate him for all costs incurred in the litigation and to pay him for his time, trouble and expense, and for improvements made by him on the land in dispute, such defendant, upon being defeated in such suit, may recover from his grantor under such agreement.

#### APPEAL FROM PENDLETON CIRCUIT COURT.

March 9, 1877.

OPINION BY JUDGE ELLIOTT:

Appellee bought a tract of land from appellant's intestate and others by executory contract. At the time of his purchase he knew that the land was claimed by White and Reeder under what they claimed to be an elder and superior title. White and Reeder sued him and others in the Kenton Circuit Court for the land. Whereupon he says he informed Lewis Myers, appellant's intestate, that he was too poor to defend such a litigation and should abandon any defense of the action. Myers urged him not to do so and promised to remunerate him, as he says, not only for all costs incurred by him in the litigation but for his own time, trouble and expense, and for all improvements made by him on the land in dispute. This contract was denied by Myers, but was fully established by appellee and several other witnesses. As appellee was a purchaser from Myers and others, and looked to them for title, he occupied the position of quasi tenant, and if his vendors refused to enter themselves defendants to the litigation and exhibit their title and defend his possession, he undoubtedly, as he had no title in himself, had a right to suffer judgment to go by default and so end the controversy. And if he was about so to do Myers had a right to employ him to make himself the active agent of the vendors in defense of the action without entering their appearance, but taking shelter under their title, and if appellee did so under a promise of full compensation for his time, trouble, costs and expenses, as well as pay for improvements made on the land in dispute during the litigation, we are of opinion that he is entitled to the damages he has sustained by a breach of Myers's contract.

The evidence as to whether such a contract was ever made was conflicting, but the verdict was not so palpably against the weight of the evidence as to authorize a reversal on that ground, and we are of opinion that the instructions of the court were a correct exposition of the law of the case to the jury.

Instruction No. 5 asked by appellant perhaps ought to have been given in addition to those already given by the court, but if not given it was not appellee's fault, for he did not object to it, and if it was not given the appellant failed to except to the court's refusal to give it.

There was but really one issue, and that was whether the appellee had been employed by Myers to stay on the land in dispute and defend the suit of White and Reeder against him, with a promise of full remuneration for his services, costs, etc., as well as pay for his improvements on the land. That issue was fully submitted to the

jury, and their verdict being fully authorized by the evidence, the judgment is *affirmed*.

*Clark & Simon, for appellant.    W. H. Ireland, for appellee.*